IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILTON H. RENCHER                                               PLAINTIFF

V.                                                    CAUSE NO.: 1:10CV180-SA-DAS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY, ET AL.                                DEFENDANTS

MEMORANDUM OPINION

Rencher filed a state court complaint against Kansas City Southern Railway Company (KCSR), a Missouri corporation, and Gerald Wood, Andy Coln, and Michael Wilder, Mississippi residents. KCSR removed the case on the basis that Wood, Coln, and Wilder were improperly joined and the claims were preempted by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10101, *et seq.* Because Plaintiff never rebutted this assertion nor filed a motion to remand, the court must take the facts alleged by the Defendant in the Notice of Removal as true. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S. Ct. 35, 66 L. Ed. 144 (1921) (noting that if a plaintiff does not take issue with what is stated in the petition for removal, "he must be taken as assenting to its truth and the petitioning defendant need not produce any proof to sustain it"). Accordingly, Plaintiff has failed to rebut the contention that the individual defendants were improperly joined to this action, thus, they are dismissed as party defendants.[1]

KCSR has filed a Motion for Summary Judgment [75]. After reviewing the motion, response, rules and authorities, the motion is GRANTED.

---

[1] Defendants Coln and Wilder have been terminated as Plaintiff never served process on those parties.

*Factual and Procedural Background*

Milton Rencher was employed as a truck driver through a third party employer, Lazer Spot. On June 8, 2007, Rencher had a collision with a KCSR train on the privately-owned railroad tracks on the Kimberly-Clark grounds. Rencher suffered injuries and was placed on medical leave. When he returned to work, his employer terminated him. Rencher filed for unemployment benefits through the Mississippi Department of Employment Security. Those benefits were denied. Rencher appealed and after a hearing, the administrative law judge determined that Rencher's negligence caused the accident on June 8; therefore, he was terminated for being at fault, and due no unemployment benefits.

Rencher filed this claim asserting that KCSR failed to signal, siren, or blow any alarm while the train crossed the private tracks, failed to maintain a proper lookout for motorists, and failed to install lights or crossing bars to warn motorists of oncoming train traffic. Rencher also claims that his vision was obstructed at the site of the accident.[2] Defendant contends Rencher is estopped by the prior administrative law decision from asserting his claims against KCSR, that KCSR did not owe or violate any duty to Rencher, and that Rencher was the sole cause of the accident on June 8, 2007.

*Summary Judgment Standard*

On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S. Ct.

---

[2]Defendant Kimberly-Clark filed an unopposed Motion for Partial Summary Judgment [88] in which Plaintiff conceded his claims as to the visual obstruction and light and crossing bar claims only. Because Plaintiff does not dispute that motion, nor raise any genuine issue of material fact or opposition therein in his response to this Motion for Summary Judgment [75], Kimberly-Clark's Motion for Partial Summary Judgment [88] is GRANTED.

2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'… that there is an absence of evidence to support the non-moving party's case"). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to "go beyond the pleadings and by… affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324, 106 S. Ct. 2548. That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548.

*Discussion and Analysis*

Collateral Estoppel

Under the doctrine of collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. Montana v. United States, 440 U.S. 147, 153, 99 S. Ct. 59 L. Ed. 2d 210 (1979); Allen, 449 U.S. 90, 94, 101 S. Ct. 411. Collateral estoppel conserves judicial resources, protects parties from multiple lawsuits, and promotes confidence in judgments and comity between state and federal courts. See Allen v. McCurry, 449 U.S. 90, 94-96, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). Under proper circumstances, collateral estoppel can preclude relitigation of issues determined in administrative proceedings. See Miss. Employment Sec. Comm'n v. Philadelphia Mun. Separate Sch. Dist., 437 So. 2d 388, 396 (Miss. 1983); City of Jackson v. Holliday, 149 So. 2d 525, 527 (Miss. 1963).

KCSR contends that because the Mississippi Department of Employment Security

3

determined that Plaintiff negligently caused the accident, Plaintiff is precluded from asserting that Defendant's negligence caused such injury. In reaction to Plaintiff filing for unemployment benefits, Lazer Spot indicated that Plaintiff was terminated for violating company policy by causing a major accident "in which the employee hit the rear car of a train" causing damage in the amount of $7,379.29. The decision to deny benefits was based on the fact that the "claimant was discharged from employment . . . for damaging company property." On appeal and after a hearing on the matter, the administrative law judge identified the issue under consideration to be whether the claimant was entitled to benefits based on the reason for separation from employment. The judge determined that the "employer discharged the claimant for an at fault accident." Moreover, the judge held that "[t]he evidence shows that the claimant's behavior was negligent. . . . The claimant could have avoided the accident by not getting on a railroad track with a train on the track until he was absolutely certain he was clear to pass." That opinion was affirmed by the Board of Review.

Mississippi's law of collateral estoppel requires that four elements be satisfied: (1) A party must be seeking to relitigate a specific issue; (2) that issue already had been litigated in a prior lawsuit; (3) that issue actually was determined in the prior lawsuit; and (4) that determination of the issue was essential to the judgment in the prior lawsuit. <u>Dunaway</u>, 422 So. 2d at 751; <u>Raju v. Rhodes</u>, 7 F.3d 1210, 1214-15 (5th Cir. 1993).

Defendant contends that Plaintiff is seeking to relitigate the negligence issue. The Court finds the MDES determination not to preclude Plaintiff's lawsuit for the following reason: the administrative law judge did not determine the negligence of KCSR. Accordingly, collateral estoppel is not proper in this case.

Negligence Claim

Defendant seeks summary judgment as to all claims asserted in Plaintiff's complaint.[3] Plaintiff only attempted to raise a genuine issue of material fact as to Defendant's duty to maintain a proper lookout for others. Therefore, as Plaintiff has failed to raise a genuine issue of material fact as to vicarious liability, and the negligent entrustment, supervision, and training claims, those causes of action are dismissed.

The Plaintiff admits that as he approached the railway crossing, he saw the train. Although he knew the train was there, he presumed it was heading away from him and not coming toward him. He further admits that he failed to yield the right of way at the crossing. Plaintiff testified as follows:

> Q: Sounds like the reason this happened is because you just misjudged which way the train was going.
>
> A: Yes sir. I thought it was going out and - - but it was backing up.

Indeed, Plaintiff admits that as he approached and crossed the intersection, he was looking down the track the opposite way.

Gerald Wood, the conductor of the train declared that he observed Rencher's vehicle approaching the crossing and noticed that Rencher was looking the opposite direction of the train. Wood testified that he indicated to the engineer to engage the train's emergency brake, but the train was unable to stop in time to avoid the collision despite the train's low rate of speed.

Plaintiff has not brought forth any facts or evidence that KCSR failed to maintain a proper lookout other than the fact that the collision occurred. The district court in Baker v. Canadian

---

[3] As noted above, Plaintiff's visual obstruction and light and crossing bar claims are dismissed pursuant to the joint motion [88].

Nat'l/Ill. Cent. Ry. Co., 397 F. Supp. 2d 803 (S.D. Miss. 2005), held that where the engineer executed an affidavit stating that he maintained a constant lookout as the train approached the crossing, saw the plaintiff's vehicle approach the crossing, but expected the vehicle to stop and yield to the approaching train, summary judgment as to plaintiff's claim for negligence in failing to maintain a proper lookout was appropriate. 397 F. Supp. 2d at 811. Likewise here, there is no dispute that a proper lookout was maintained and all aboard the train expected Rencher to yield to the reversing train. See id. (citing MISS. CODE ANN. § 77-9-249 (setting forth duty of motorist to stop at crossing when train is approaching)); Woods v. Amtrak, 982 F. Supp. 409 (N.D. Miss. 1997) (finding no duty to stop or slow the train for approaching vehicle as "engineer was entitled to assume that the plaintiff would stop for an approaching train"); Wilner v. Miss. Export R. Co., 546 So. 2d 678, 681-82 (Miss. 1989) (holding that railroad was entitled to assume that approaching motor vehicle drivers would slow sufficiently to see whether or not a train was on or near the crossing)).

Accordingly, Plaintiff has failed to raise a genuine dispute of material fact that KCSR failed to maintain a proper lookout. KCSR's Motion for Summary Judgment [75] is GRANTED.

*Conclusion*

As Plaintiff failed to respond to KCSR's Notice of Removal, all allegations noted therein are taken as true; thus, the individual non-diverse defendants were improperly joined. Thus, this Court may properly exercise jurisdiction in this case.

KCSR's Motion for Summary Judgment [75] is GRANTED as Plaintiff has failed to meet its burden to raise a genuine dispute of material fact. As the Court has determined KCSR to be without liability in this action, the Motion to Sever the Third Party Contractual Dispute [83] is DENIED.

SO ORDERED, this the 25th day of May, 2012.

                                       **/s/ Sharion Aycock**
                                       **U.S. DISTRICT JUDGE**