IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILTON H. RENCHER                                                                    PLAINTIFF

V.                                                            CAUSE NO.: 1:10CV180-SA-DAS

THE KANSAS CITY SOUTHERN
RAILWAY COMPANY, ET AL.                          DEFENDANTS/THIRD PARTY PLAINTIFFS

V.

KIMBERLY-CLARK CORPORATION                                         THIRD-PARTY DEFENDANT

MEMORANDUM OPINION

Third-Party Plaintiff The Kansas City Southern Railway Company (KCSR) has moved for summary judgment seeking a declaration that Third-Party Defendant Kimberly-Clark Corporation is contractually obligated to provide KCSR a legal defense of the original cause of action. Kimberly-Clark has likewise filed a motion seeking dismissal of KCSR's request for indemnity and defense [89]. As the Court has dismissed Rencher's claims for failure to present a genuine dispute of material fact, the indemnity issue is moot. After reviewing the motions, responses, contract, and original complaint, the Court finds as follows:

*Summary Judgment Standard*

Summary judgment is warranted under Rule 56(c) when the evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The non-moving party must then go

beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. 2548. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." Id.

*Discussion and Analysis*

On or about September 23, 2002, KCSR and Kimberly-Clark executed an Industry Track Agreement governing the use of the sidetracks on the Kimberly-Clark facilities. The two entities agreed to the responsibility of maintaining specific portions of the sidetracks. The portion of the sidetracks at issue in the original cause of action is, pursuant to the Industry Track Agreement, undisputably highlighted as Kimberly-Clark's responsibility. The Agreement provides that Kimberly-Clark "shall control vegetation on the premises so that it does not . . . obstruct visibility (including visibility at all public and private grade crossings and of equipment necessary for inspections . . .)."

> The Industry Track Agreement also provides that Kimberly-Clark would
>
> indemnify, defend, save, and hold harmless [KCSR] from and against any and all claims, losses, causes of action, demands, liabilities (whether based upon strict liability, negligence, contract, or otherwise) . . . caused by [Kimberly-Clark's] violation or breach of any term or condition of this Agreement. [Kimberly Clark]

> shall indemnify, defend, save, and hold harmless [KCSR] as provided in this Paragraph 8(B) regardless of the negligence of [KCSR], its directors, officers, employees, agents, servants, affiliated corporations, successors and assigns.

The contract additionally requires Kimberly-Clark to defend KSCR from and against

> any and all claims, losses, causes of action, demands, liabilities (whether based upon strict liability, negligence, contract or otherwise) . . . arising from, related to or happening in connection with the use of the tracks and facilities described herein above by [Kimberly-Clark] . . . provided that should any claim, loss, cause of action, demand, liability, or responsibility arise from the joint and concurring negligence of [KCSR and Kimberly-Clark], then it shall be borne by the parties equally.

Milton Rencher alleges that in June of 2007, he was struck by a train owned by KCSR and suffered injuries. He contends that due to "negligence in failing to alert motorists[,]. . . negligence in failing to maintain a proper lookout for other motorists, [] failure to keep the rails and railways free from visual obstructions, [and] failure to install lights or crossing bars to warn motorists of oncoming train traffic," Rencher suffered injury.

KCSR made demand to Kimberly-Clark for the defense of Rencher's claim. Kimberly-Clark denied that request. KCSR thereafter filed a Third-Party plaintiff declaratory action to enforce the contractual duty to defend and indemnify. Both parties now move for summary judgment.

"A duty to defend arises when potential for coverage exists." Titan Indem. Co. v. Pope, 876 So. 2d 1096, 1100 (Miss. Ct. App. 2004). An insurer's duty to defend an action against its insured is measured by the **allegations in the plaintiff's pleadings** in the underlying action. Id. (emphasis added). The Court gauges the allegedly tortious underlying conduct and compares it with the words of the policy. Ingalls Shipbuilding v. Fed. Ins. Co., 410 F.3d 214, 225 (5th Cir. 2005); Am. Guarantee & Liab. Ins. Co. v. 1906 Co., 273 F.3d 605, 610 (5th Cir. 2001); Farmland Mut. Ins. Co. v. Scruggs, 886 So. 2d 714, 719 (Miss. 2004). In sum, a duty to defend arises if the "complaint alleges facts which are arguably within the policy's coverage." Acceptance Ins. Co. v. Powe Timber

Co., Inc., 403 F. Supp. 2d 552, 554 (S.D. Miss. 2005); Mitchell v. State Farm Fire & Cas. Co., 799 F. Supp. 2d 680, 687 (N.D. Miss. 2011); Cullop v. Sphere Drake Ins. Co., 129 F. Supp. 2d 981, 982 (S.D. Miss. 2001) ("The insurer has a duty to defend when there is any basis for potential liability under the policy").

Based on the allegations in Milton Rencher's Complaint, a duty to defend KCSR against those allegations arises under the contract. In his Complaint, Rencher claims to have suffered injury due to visual obstructions on the railway. Pursuant to the contract, Kimberly-Clark was imbued with the obligation to maintain that portion of the sidetracks and control visibility issues. Pursuant to Paragraph 8(B), it is arguable that Kimberly-Clark's violation of the agreement to maintain visibility on that portion of sidetrack caused the filing of this lawsuit. Thus, regardless of whether those allegations have proven baseless, the "allegations in the plaintiff's pleadings" are "arguably within the policy's coverage" and trigger Kimberly-Clark's duty to defend. See Pope, 876 So. 2d at 1100; Powe Timber, 403 F. Supp. 2d at 554.

*Conclusion*

The facts alleged in Milton Rencher's complaint are arguably within the Industry Track Agreement's duty to defend coverage. Therefore, KCSR's Motion for Summary Judgment [81] is GRANTED, and Kimberly-Clark's Motion for Summary Judgment [89] is DENIED.

SO ORDERED, this the 25th day of May, 2012.

                                         /s/ Sharion Aycock
                                         **U.S. DISTRICT JUDGE**